**IN THE COURT OF APPEALS OF IOWA**

No. 23-0209
Filed May 24, 2023

**IN THE INTEREST OF R.W., L.W., A.W. and K.W.,**
**Minor Children,**

**K.W., Mother,**
       **Appellant.**
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A mother appeals the termination of her parental rights to four children. **AFFIRMED.**

Esther J. Dean, Muscatine, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to four children, born in 2010, 2012, 2014, and 2018.  She contends the State failed to prove the grounds for termination cited by the district court and she should have been afforded additional time to reunify with the children.

We may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2017).  We elect to focus on Iowa Code section 232.116(1)(f) and (h) (2022).  The provisions apply to children of different ages, but both require proof the children cannot be returned to parental custody.

The department of health and human services intervened in October 2019 after the mother was observed to be "under the influence of methamphetamine as evidenced by her" dilated pupils, agitation, and slurred speech.  The mother was parenting her four children at the time.  The department sought to have the children immediately removed from parental custody.  The district court granted the request.  The children were later adjudicated in need of assistance.

The following summer, the mother entered a substance-abuse treatment facility.  The children were returned to her care at the facility.  They were again removed after several months when it was discovered that the mother used methamphetamine.  By this time, more than a year had elapsed since the first removal.

Following the second removal, the mother "miss[ed] multiple drug tests," failed to schedule a psychological exam, and "struggle[ed] to supervise the

children during visitation." Nonetheless, the district court gave her the benefit of the doubt and afforded her an additional six months to work toward reunification.

Three months before the termination hearing, the mother reinitiated drug tests. She "provided 4 clean patches and a clean hair stat test" but missed two tests. She also began attending therapy appointments and enrolled in a Safe Care program, attending five out of twelve sessions. She worked at a fast-food restaurant, "maintained housing," and "paid off her traffic fines and some of her criminal fines." She visited her children "on a consistent basis" and did "a good job of acknowledging special events like birthdays and holidays."

That said, the children remained out of the mother's care for approximately seventeen months following the second removal and a total of twenty-one of the twenty-six months preceding the termination hearing. The department employee in charge of the case testified, "There is history [of methamphetamine use] all the way back to 2012 and [it] shows that she does not maintain sobriety for any real length of time." The employee added, "There are more parts than just being sober. If we are looking at everything, she has not done everything that she has been asked to do." A service provider echoed this sentiment. She testified the mother "failed to internalize that in parenting, a lot of times you have to put your children's needs ahead of your own personal needs."

Although the mother believed she could safely parent the children at the time of the termination hearing, the record establishes otherwise. On our de novo review, we are persuaded the children could not be returned to her custody.

We turn to the mother's request for six additional months to achieve reunification. *See* Iowa Code § 232.104(2)(b). As noted, the district court granted

her one six-month extension.  The mother failed to make sufficient progress during

that period.  The district court summed up her efforts as follows:

> In the last six months the mother has sporadically drug tested.  She has completed less than half the Safe Care sessions.  She has not attended mental health therapy.  The one therapy session that the mother attended, the provider picked up the phone and made the phone call to schedule the appointment for the mother.  The mother missed the psychological evaluation for the third time within the last six months.

Given the mother's lack of significant progress within the first extension period, the

district court appropriately denied her request for another six-month extension.

We affirm the order terminating the mother's parental rights to the four

children.

**AFFIRMED.**